434 P.2d 753

**Charles E. STINNETT, Plaintiff and Appellant,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

No. 10762.

Supreme Court of Utah.

Dec. 5, 1967.

Charles E. Stinnett, pro se.

Phil L. Hansen, Atty. Gen., J. Franklin Allred, Salt Lake City, for respondent.

CROFT, District Judge:

This is an appeal from an order of the District Court denying appellant's complaint for a writ of habeas corpus.  Remanded for hearing on the complaint.

On September 19, 1966, appellant filed a complaint seeking a writ of habeas corpus

1.  Dupler v. Yates, 10 Utah 2d 251, 351 P.2d 624.

in the Third Judicial District Court in and for Salt Lake County, State of Utah, wherein he asserted that he was unjustly and unlawfully imprisoned by respondent, warden of the state prison, by reason of a judgment and commitment issued out of said court on September 10, 1955. The substance of appellant's allegations as set forth in a very lengthy pro se complaint was that the commitment was void as being in violation of the due process clause of the Federal Constitution and also in violation of the statutes of the State of Utah. In support of such allegations appellant asserts, among other things, that at the time he entered a plea of guilty to a charge of robbery, then District Attorney Aldon J. Anderson (now a judge of the District Court) had promised him probation if he would work with authorities and plead guilty.

Upon the filing of the pro se petition appellant requested the appointment of counsel. The Legal Defender's Association was appointed as counsel and a pretrial conference was set up for October 7, 1966, at which it was generally concluded that the only constitutional ground for a hearing was the reference in the petition to the charge that the prosecuting attorney had promised appellant probation. Inquiry disclosed that Judge Anderson was not then available for testifying, and it was then agreed that if Judge Anderson confirmed appellant's allegation, appellant should be released from prison and remanded for trial, but that if he denied it, the petition for the writ should be denied.

Thereafter, on October 24, 1966, Judge Anderson appeared before the court in the absence of both appellant and counsel and testified that it was not true that he had made any promises to appellant, whereupon the court entered an order denying the petition.

Rule 65B(f) (3) of the Utah Rules of Civil Procedure provides that upon the filing of a complaint seeking a petition for habeas corpus, unless it appears from the complaint that a plaintiff is not entitled to any relief, the court shall order the plaintiff brought before the court and shall proceed in a summary manner to hear the matter and render judgment accordingly.

We believe the rule contemplates that if a hearing is held, the plaintiff seeking the relief is entitled to be present and that a court should not proceed in a summary manner to hold a hearing in the absence of the plaintiff and his counsel.

Without undertaking to determine whether there is any validity in the allegations contained in appellant's complaint, we remand the case to the District Court for further proceedings in conformity with our determination.

CROCKETT, C. J., and TUCKETT, CALLISTER, and HENRIOD, JJ., concur.

ELLETT, J., being disqualified, did not participate herein.