462 P.2d 705

**Ronald KLOTZ, Plaintiff and Appellant,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

**No. 11691.**

Supreme Court of Utah.

Dec. 16, 1969.

**304**

G. Randall Klimt, of Jones, Waldo, Holbrook & McDonough, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Fred W. Finlinson, Asst. Attys. Gen., Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from a judgment denying a petition for writ of habeas corpus. Affirmed.

On June 8, 1967, Klotz, with his counsel, pleaded guilty to second degree burglary. He said he knew the penalty for the offense, that he had not been promised anything by anyone to induce him to plead guilty and that in fact he had committed the offense. He pursued no timely appeal.[1] About four months later, however, on October 16, 1967, he filed a petition for a writ of habeas corpus in this court.[2] We denied it on October 23, 1967. No timely application for review was taken by him to the U. S. Supreme Court. About 14 months later, he filed a petition for writ of habeas corpus in the District Court of Salt Lake County, Utah, claiming the District Attorney and a deputy sheriff "coerced" him into pleading guilty by promising him leniency. The petition and record were examined by the trial court, and the petition was denied in accordance with the provisions of Rule 65B (f) (3),[3] Utah Rules

---

1. Title 77–39–5, U.C.A.1953, as amended by Supreme Court Order of March 27, 1964 (See 1969 Pocket Supplement, p. 125, Vol. 8, U.C.A.1953).
2. Case No. 11057, this Court.
3. "(3). Upon the filing of the complaint the court shall, unless it appears from such complaint or the showing of the plaintiff that he is not entitled to any relief, issue a writ directed to the defendant commanding him to bring the person alleged to be restrained before the court at a time and place therein specified at which time the court shall proceed in a summary manner to hear the matter and render judgment accordingly."

of Civil Procedure. His concessions at time of plea and the official transcript justified such denial, from which he nonetheless appeals.

■ He says that a guilty plea is a waiver of certain rights governed by federal standards. Without any momentous discourse with respect to such standards or who must apply them, they have nothing to do with this case, which belies any unreasonable waiver under pressure.

■ He further urges that "Coercion, terror, inducements, or subtle or blatant threats" are unconstitutional means of obtaining guilty pleas. Could be, but that urgence lexicographically is not germane to the facts, concessions and record of this case.

■ Lastly, Klotz says that the allegations of his petition alone should entitle him to the full treatment,—a plenary hearing, we suppose, with all the frills, including counsel, attendance of witnesses, judges, prosecutors and other bits paid for by the taxpayers. We think and hold that under the Rule mentioned, its very language eliminates such red-carpet treatment on the *sole say* of one who has pleaded guilty and obviously attempts some kind of detour from his own voluntary admissions, and an uncontradicted record, by simply shouting "coercion," with no legitimate proffer of substance save his own contradictory gratuity.

We think that the case of Stinnett v. Turner,[4] so heavily relied upon by Klotz, is not apropos. In that case a hearing *had been* granted. We said that this being the case, defendant would be entitled to counsel, etc. It does not apply to the facts of the instant case, where the record itself shows clearly that there is no merit to the petition, which appears, under the circumstances here, to be no less than a frivolous one.[5]

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.

---

4. 20 Utah 2d 148, 434 P.2d 753 (1967).

5. See Bryant v. Turner, 19 Utah 2d 284, 431 P.2d 121 (1967).